IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SUNDARI K. PRASAD,

    Plaintiff,

v.                                      Civil Action No. 3:17CV686

STATE OF VA, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate proceeding *pro se* and *in forma pauperis*, submitted this civil action. On her own initiative, Plaintiff filed a Particularized Complaint. (ECF No. 11.) By Memorandum Order entered on March 15, 2018, the Court directed Plaintiff to file a second particularized complaint and explained as follows:

> However, in order to state a viable claim under *Bivens*,[1] a plaintiff must allege that a person acting under color of federal authority deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Williams v. Burgess*, No. 3:09cv115, 2010 WL 1957105, at *2 (E.D. Va. May 13, 2010) (citing *Goldstein v. Moatz*, 364 F.3d 205, 210 n.8 (4th Cir. 2004)). Courts must liberally construe *pro se* civil rights complaints in order to address constitutional deprivations. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not ... without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Plaintiff's current allegations fail to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).
> Accordingly, Plaintiff is DIRECTED, within fourteen (14) days of the date of entry hereof, to file a second particularized complaint in conformance with the following directions and in the order set forth below:
>     a.    At the very top of the particularized pleading, Plaintiff is directed to place the following caption in all capital

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

letters "SECOND PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:17CV686."

      b.    The first paragraph of the particularized pleading must contain a list of defendants. Thereafter, in the body of the particularized complaint, Plaintiff must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to her claims for relief. Thereafter, in separately captioned sections, Plaintiff must clearly identify each civil right violated. Under each section, the Plaintiff must list each defendant purportedly liable under that legal theory and explain why she believes each defendant is liable to her. Such explanation should reference the specific numbered factual paragraphs in the body of the particularized complaint that support that assertion. Plaintiff shall also include a prayer for relief.

      c.    The particularized pleading will supplant the prior complaints. The particularized pleading must stand or fall of its own accord. Plaintiff may not reference statements in the prior complaints.

**FAILURE TO COMPLY WITH THE FOREGOING DIRECTIONS WILL RESULT IN DISMISSAL OF THE ACTION.** *See* Fed. R. Civ. P. 41(b).

Federal Rule of Civil Procedure 18(a) provides that: "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Nevertheless, when a plaintiff seeks to bring multiple claims against multiple defendants, she must also satisfy Federal Rule of Civil Procedure 20 which provides:

> **(2) *Defendants.*** Persons . . . may be joined in one action as defendants if:
> **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> **(B)** any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). "Rule 20 does not authorize a plaintiff to add claims 'against different parties [that] present[] entirely different factual and legal issues.'" *Sykes v. Bayer Pharm. Corp.*, 548 F. Supp. 2d 208, 218 (E.D. Va. 2008) (alterations in original) (quoting *Lovelace v. Lee*, No. 7:03CV00395, 2007 WL 3069660, at *1 (W.D. Va. Oct. 21, 2007)). Accordingly, Plaintiff's second particularized complaint must also comport with the joinder requirements. If Plaintiff fails to submit an appropriate second particularized complaint that comports with the joinder requirements, the Court will drop all defendants not properly joined with the first named defendant.

(ECF No. 13, at 1–3 (alteration in original).)

On March 22, 2018, the Court received a submission from Plaintiff in which she asks the Court to "add this as cover sheet to Particularized Complaint," attempts to add a "claim, [and] list of defend. [and] additional evidence," and explains "as I believe this satisfies M.H. Lauck's requirements [and] part. complaints a bit better as she seems to have some difficulty translating my writing style and is a bit rude doing so." (ECF No. 14, at 1.) On March 27, 2018, the Court received Plaintiff's Second Particularized Complaint. (ECF No. 15.) In an attached letter, Plaintiff indicates that "I re-wrote the prayer for relief for it to make better sense as well, and I previously sent you a revised 'statement of claim' [and] list of defendants that I hope you reviewed. It's in here again if you did not." (ECF No. 15, at 1.)[2] On the next page, Plaintiff titles her complaint, "Second Amended Complaint." (ECF No. 15–1, at 1.)

As previously stated, "[p]rinciples requiring generous construction of pro se complaints are not . . . without limits." *Beaudett*, 775 F.2d at 1278. The Court need not attempt "to discern the unexpressed intent of the plaintiff." *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). The Fourth Circuit has explained that "[t]hough [pro se] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett*, 775 F.2d at 1276. In other words, "[d]istrict judges are not mind readers . . . [and] they cannot be expected to construct full blown claims from sentence fragments . . . ." *Id.* at 1278. It is both unnecessary and inappropriate to engage in an extended discussion of Prasad's theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the

---

[2] The Second Particularized Complaint is so lengthy that the Clerk had to split it up in order to docket it. The Court refers to each piece based on the pagination assigned to this submission by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spelling and omits the emphasis in quotations from her submissions.

disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))). As explained below, Plaintiff's Second Particularized Complaint wholly fails to comply with the directives of the Court, fails to comply with Federal Rules of Civil Procedure Rule 8(a), 18, and 20, and fails to provide each defendant with fair notice of the facts upon which his or her liability rests.

The Second Particularized Complaint is a two-hundred and twenty-six page, rambling narrative, consisting of what appears to be large quotations of the law and Prasad's factual allegations in no particular order, interspersed with assorted printouts of caselaw and statutes, logs, records, police reports, and letters. Plaintiff names at least sixty defendants comprised of institutional staff, state and federal judges and officials, police officers, and several private entities. (ECF No. 15–1, at 2–4.) Plaintiff indicates her Second Particularized Complaint is two parts (ECF No. 15, at 1), and contains twenty-seven counts (ECF No. 15–9, at 22), that range from claims for negligence to *Bivens* and § 1983 claims. Indeed, it appears that Plaintiff may have just attached various pieces of prior complaints or filings that have been submitted to this Court or to various state courts in no discernable order. First, Plaintiff's Second Particularized Complaint fails to comport with Federal Rule of Civil Procedure Rule 8(a). That rule provides:

> **(a) Claim for Relief.** A pleading that states a claim for relief must contain:
> **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and
> **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). In a similar vein, Plaintiff's Second Particularized Complaint fails to comport with the Court's directive that her allegations must provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Twombly*, 550 U.S. at

555 (quoting *Conley*, 355 U.S. at 47). Plaintiff's two-hundred and twenty-six page, rambling, nearly incomprehensible submission against fifty-one defendants cannot be said to provide a "short and plain statement" or satisfy the requirements of notice pleading. Plaintiff fails to set forth discernable claims with a "short and plain statement of the claim showing that [she] is entitled to relief" and for this reason alone her Second Particularized Complaint can be dismissed. Fed. R. Civ. P. 8(a).

The Court also instructed Plaintiff that her Second Particularized Complaint must comport with joinder requirements. The Court explained that "Rule 20 does not authorize a plaintiff to add claims against different parties [that] present[] entirely different factual and legal issues. *Sykes v. Bayer Pharm. Corp.*, 548 F. Supp. 2d 208, 218 (E.D. Va. 2008) (alterations in original) (quoting *Lovelace v. Lee*, No. 7:03CV00395, 2007 WL 3069660, at *1 (W.D. Va. Oct. 21, 2007))." (ECF No. 13, at 2 (internal quotation marks omitted).) Plaintiff's rambling narrative, which names fifty-one individuals involved in what appears to be her ongoing state criminal proceedings, an unrelated juvenile and domestic relations court proceeding, and her current detention, fails to satisfy joinder requirements. Once again, Plaintiff appears to name anyone who has purportedly wronged her in this process, the majority of whom are immune from suit. *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978) (explaining judges are immune from suit); *Butler v. Johnson*, No. 1:07cv1196 (GBL/TRJ), 2007 WL 4376135, at *3 (E.D. Va. Dec. 12, 2007) (citing *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969)) (explaining court staff immune from suit). Moreover, much of Plaintiff's Second Particularized Complaint is comprised of pieces of prior civil actions filed in this Court and in the state courts. It is apparent that Plaintiff has submitted the sort of "mishmash of a complaint" that the rules governing the joinder of parties aim to prevent. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

As the Court has explained to Plaintiff *ad nauseum*, although Plaintiff's *pro se* status makes her "entitled to some deference," it does not relieve her of her duty to abide by the rules and orders of this Court. *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989) (citation omitted). Plaintiff has refused repeatedly to comply with the Court's directives.[3] Accordingly, the action will be DISMISSED WITHOUT PREJUDICE.

An appropriate Order shall issue.

/s/ John A. Gibney, Jr.
United States District Judge

Date: 4/26/18
Richmond, Virginia

---

[3] Plaintiff has engaged in a pattern of refusing to follow the directives of the Court. *See, e.g., Prasad v. Judge M. Hannah Lauck*, No. 3:17CV42 (E.D. Va. Sept. 14, 2017), ECF Nos. 17, 18; *Prasad v. Chesterfield Village Apts*, No. 3:16CV898 (E.D. Va. June 9, 2017), ECF Nos. 13, 14; *Prasad v. Vick*, No. 3:16CV40, 2017 WL 1091785, at *1–4 (E.D. Va. Mar. 22, 2017), ECF Nos. 84, 85.

Moreover, Plaintiff's Second Particularized Complaint appears to be an attempt to harass those individuals involved in obtaining her criminal conviction and her ongoing detention. *Cf. Saub v. Phillips*, No. 3:16CV414, 2017 WL 1658831, at *9 (E.D. Va. May 1, 2017) (alteration in original), *aff'd*, 669 F. App'x 179 (2017) (dismissing as malicious action brought against judges and attorneys involved in state criminal prosecution where tone of allegations "indicates that he is bringing his suit merely to satisfy his desire for vengeance against [those involved in securing his incarceration]").