IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SUNDARI K. PRASAD,

    Plaintiff,

v.                                                                                  Civil Action No. 3:17CV686

STATE OF VA, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Sundari K. Prasad, a Virginia inmate proceeding *pro se*, filed this civil rights action. By Memorandum Opinion and Order entered on April 26, 2018, the Court dismissed the action because Prasad repeatedly refused to comply with the Court's directives. (ECF Nos. 19, 20.) On May 4, 2018, Prasad filed a "Motion to Rehear/Assign Counsel." (ECF No. 23.) On May 21, 2018, the Court received yet another submission entitled, "Petitions for Rehearing" upon which she lists four case numbers. (ECF No. 25.) As a preliminary matter, it appears that the May 21, 2018 filing is simply a request about the status of her "Motion to Rehear/Assign Counsel." Accordingly, the Clerk will be DIRECTED to terminate that request. (ECF No. 25.)

The matter is now before the Court on Prasad's "Motion to Rehear/Assign Counsel" that will be construed as a motion under Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion," ECF No. 25).[1] *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (stating that filings made within twenty-eight days after the entry of judgment are construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))).

---

[1] The Court employs the pagination assigned to Prasad's Rule 59(e) Motion by the CM/ECF docketing system.

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Prasad does not explicitly address any of the above recognized grounds for relief in her Rule 59(e) Motion. However, the Court construes Prasad to argue that the Court should grant her Rule 59(e) Motion "to correct a clear error of law or prevent manifest injustice." *Id.* (citations omitted). In its April 26, 2018 Memorandum Opinion, the Court outlined the many ways Prasad had failed to follow the Court's directives. The Court explained that her Second Particularized Complaint was a rambling, sprawling two-hundred and twenty-six-page filing that failed to comport with Federal Rule of Civil Procedure Rule 8(a), failed to provide fair notice of the facts and legal basis upon which Defendants' liability rests, failed to comport with joinder requirements, and was malicious. (ECF No. 19, at 4–5, n.3.) In her Rule 59(e) Motion, she claims that she needs an attorney (*id.* at 1), asks to "request joinder," (*id.* at 2), and then attaches what appears to a new complaint pursuant to *Bivens*[2] against the "State of Virginia, Hampton Roads Regional Jail," (*id.* at 3.)

First, Prasad never filed a motion for appointment of counsel in the instant action, nor has she made the showing that the interests of justice require such appointment. Counsel need not be

---

[2] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

appointed in § 1983 cases unless the case presents complex issues or exceptional circumstances. *See Fowler v. Lee*, 18 F. App'x 164, 166 (4th Cir. 2001) (citation omitted). With respect to her insistence that she requires counsel to litigate this action, in this instance, Prasad's difficulty in litigating this action stems solely from her repeated refusal to follow the directives of the Court, not from complex issues, exceptional circumstances, or even a lack of formal legal training. Moreover, Prasad fails to demonstrate that she has a colorable claim for relief. Prasad fails to demonstrate any clear errors of law in the conclusions of the Court or that the dismissal of this action resulted in manifest injustice.

Moreover, to the extent that this new Complaint is properly before the Court at this juncture, it too is legally frivolous and fails to state a claim for relief. In her Rule 59(e) Motion, Prasad states that her "intent [was] to pursue legal action against Hampton Roads Regional Jail." (Rule 59(e) Mot. 2.) Her new Complaint clearly states that she brings it pursuant to *Bivens*. As the Court previously explained to Prasad in its March 15, 2018 Memorandum Order directing her to file a Second Particularized Complaint, in order to state a viable claim under *Bivens*, a plaintiff must allege that a person acting under color of federal authority deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Williams v. Burgess*, No. 3:09cv115, 2010 WL 1957105, at *2 (E.D. Va. May 13, 2010) (citing *Goldstein v. Moatz*, 364 F.3d 205, 210 n.8 (4th Cir. 2004)); (ECF No. 13, at 1.). Prasad fails to demonstrate that the "State of Virginia, Hampton Roads Regional Jail" is acting under color of federal authority. Even if Prasad had brought this new Complaint pursuant to 42 U.S.C. §1983, which she did not, the Hampton Roads Regional Jail is not a person amenable to suit under § 1983. *Preval v. Reno*, No. 99–6950, 2000 WL 20591, at *1 (4th Cir. 2000) (citations omitted)

(affirming district court's determination that Piedmont Regional Jail is not a "person" under § 1983). The Court will take no further action on this new Complaint.

Prasad fails to demonstrate any of the three grounds for Rule 59(e) relief. Accordingly, the Rule 59(e) Motion (ECF No. 23) will be DENIED.[3]

An appropriate Order shall issue.

/s/ John A. Gibney, Jr.
United States District Judge

Date: 10/1/18
Richmond, Virginia

---

[3] On May 7, 2018, Prasad filed a letter noting that the attached documents "should have been w/ 686" as "facts." (ECF No. 24, at 1.) Out of abundance of caution the Clerk filed this letter in the instant action. Attached to the letter is a Particularized Complaint for Civil Action Nos. 3:17CV765, 3:17CV754, and 3:17CV764. The Court fails to discern and Prasad fails to explain how these submissions from other cases have any bearing on the instant action.

Prasad also filed a document entitled "Re: Affidavit of § 455 recusal of State of Va Judges due to bias [and] demand for rehearings based on non-recusal Va State Bar/JINB/State of Va." (ECF No. 26, at 1.) To the extent she asks this Court to force state court judges to recuse themselves, Prasad fails to identify a procedural vehicle that authorizes the action she seeks.

4